THE PORT READING RAILROAD COMPANY ET AL., PROSE-
CUTORS, v. THE TOWNSHIP OF WOODBRIDGE ET AL.,
DEFENDANTS.

Argued February 10, 1923—Decided February 24, 1923.

In order to sustain an assessment for street improvements against
property used exclusively for railroad purposes, it must appear
that there is a benefit applicable to the use of the land for rail-
road uses, represented by the assessment.

On *certiorari* to review an ordinance providing for a public
improvement, and resolution awarding contract to carry it out.

Argued by consent before a single justice.

For the prosecutors, *John F. Reger.*

For the defendants, *J. H. Thayer Martin.*

The opinion of the court was delivered by

BERGEN, J. This writ was allowed to review an ordinance
adopted by the township of Woodbridge, and also of a resolu-
tion by the township committee awarding a contract for the
performance of a public improvement ordained. The ordi-
nance provides for the laying of a concrete sidewalk and gutter
along a public road to a considerable extent in front of the
property of the prosecutor. It is stipulated that prosecutor's
land was only used for railroad purposes as a yard for the
storage of coal in cars until transferred to boats for further
transportation.

The basis of the ordinance is articles 10 and 25 of "An act
concerning municipalities" (*Pamph. L.* 1917, *p.* 319), and pro-
vides for the laying of a concrete sidewalk on both sides of the
public road for a designated distance, and also for a combined
concrete curb and gutter for the same distance, the gutter
to extend from the curb line a distance of two feet towards

the center of the road and further ordained that the cost of the grading, curbing and sidewalk in front of each parcel of land fronting on the improvement shall be assessed upon such parcel, and the cost of the remainder, not so assessed, upon the land along such improvement, or in the vicinity thereof benefited or increased in value thereby. What the ordinance proposes is that the entire cost of the grading, sidewalk and curbing in front of prosecutor's property be assessed on its property without regard to its beneficial advantage to the property for railroad use. The rule seems to be settled in this state that in order to sustain an assessment against railroad property used exclusively for railroad purposes, for street improvements, it must appear that there is a benefit applicable to the use of the land for railroad use, represented by the assessment. *Erie Railroad Co.* v. *Newark,* 93 *N. J. L.* 90 and cases there cited. It is difficult to see from the record in this case how prosecutor's property is benefited, in the use to which it is concededly dedicated, by the intended improvement, but if it would be it can only be assessed to the extent of actual benefit conferred to the use for railroad purposes, and not for the entire cost without regard to such benefits, and therefore an ordinance which disregards principles so often applied in this state can not be sustained. The defendant argues that unless such an assessment can be made and sustained there is no statutory method by which this improvement can be made. Without conceding this it is sufficient to say that the remedy is legislative and not judicial. The conclusion above reached renders it unnecessary to pass on the other points raised by the prosecutors, some of which may have some merit. The ordinance and resolution awarding the contract will be set aside with costs.